IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:20-CR-59

TERRANCE CHANDLER
MARCQUELL PATTERSON
TRAVIS WEBB
BOBBY EARL BROWNLEE
ANTONY HUNTER
ROBERT QUINN
JAMIE LOGAN
STEVEN POSLEY
NICO TERRELL SMITH
STEVEN CALVERT
VERONICA CURTIS

## ORDER GRANTING CONTINUANCE

On February 23, 2022, Bobby Earl Brownlee, Jamie Logan, and Steven Posley filed identical motions to continue the March 21, 2022, trial date.[1] Docs. #510, #511, #512. As cause, they represent that Brownlee tested positive for COVID-19, was hospitalized from September 18–25, 2021, and "is still under his doctor's care and has not been released from the doctors to be able to effectively assist his counsel in preparing for the trial … nor participate in his own defense." Doc. #510 at 1; Doc. #511 at 1; Doc. #512 at 1. They further represent that they "and their counsel do not have sufficient reasonable time prior to the current scheduled trial date to evaluate all of the discovery, and to make further investigations based upon the same and to continue to discuss possible pleas and other related issues and matters with the Government's counsel." Doc. #510 at 1–2; Doc. #511 at 1–2; Doc. #512 at 1–2. According to them, the government does not object to the relief requested. Doc. #510 at 2; Doc. #511 at 2; Doc. #512 at 2.

---

[1] Brownlee, Logan, and Posley are all represented by the same counsel. *See* Doc. #510 at 2; Doc. #511 at 2; Doc. #512 at 2.

The Court concludes the ends of justice will be served by continuing trial to allow these defendants sufficient time to evaluate and investigate discovery, prepare for trial, and engage in any plea discussions they wish. Because the Court also concludes such ends outweigh the best interest of the public and these defendants in a speedy trial, the motions to continue [510][511][512] are **GRANTED**.[2]

Trial is continued to **Monday, June 6, 2022**; and the plea agreement deadline and the motions-in-limine deadline are both May 2, 2022.[3] The delay from this date until the commencement of such trial shall be excluded from all computations relative to the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). Such delay is also excluded as to Brownlee, Logan, and Posley's codefendants. *See* 18 U.S.C. § 3161(h)(6) (excluding from all computations relative to the Speedy Trial Act "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

**SO ORDERED**, this 24th day of February, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the time to respond to the motion has not yet expired, this ruling is subject to reconsideration to the extent the motion does not state whether it is opposed by the other codefendants.

[3] The deadlines for non-dispositive and dispositive motions had expired when the motions to continue trial were filed and the motions to continue trial did not request that they be extended.